UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SCOTT E. SAVAGE, #50804-083,

                    Petitioner,

v.                                                CIVIL ACTION NO. 2:13CV578

ERIC D. WILSON,

                    Respondent.

**REPORT AND RECOMMENDATION**

In this petition for habeas relief under 28 U.S.C. § 2241, Petitioner Scott E. Savage seeks to reverse a decision by the Bureau of Prisons ("BOP") which denied him access to a discretionary sentence reduction available to inmates who complete a residential drug treatment program. Because the BOP's decision is not subject to judicial review under the Administrative Procedures Act ("APA") and Savage's claims fail to plausibly allege a constitutional or legal defect in the BOP's enactment or application of the relevant regulations, this Report recommends Savage's petition be denied and dismissed.

**I. FACTUAL AND PROCEDURAL HISTORY**

Savage, a federal inmate, is nearing the end of a 115-month sentence following his conviction for manufacturing crack cocaine.[1] Although he was not convicted of any firearm-related offenses, at sentencing the Court reviewed Savage's presentence report and adopted a special offense characteristic ("SOC") enhancement based on evidence that Savage was carrying a loaded firearm at the time of his arrest on the underlying offense. (ECF No. 11-1, at 36; ECF No. 5-3 at 2).

While serving his sentence at FCI Petersburg, Savage was interviewed by the facility's

---

[1] Originally sentenced to 162 months, Savage's sentence has been twice reduced as a result of sentencing changes made retroactive to his conviction. (ECF No. 5-1, 18 U.S.C. §3582(c)(2)).

1

Drug Abuse Program Coordinator to determine whether he qualified for services in the prison's Residential Drug Abuse Prevention Program ("RDAP"). The BOP created RDAP pursuant to Congressional authority to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b)(5). The authorizing statute also mandated a residential program. Id. at § 3621(e). Participating in RDAP is voluntary and placement decisions are made by the facility's Treatment Coordinator. 28 C.F.R. § 550.56. To encourage participation, BOP offers a variety of incentives. At issue here is the Bureau's ability to grant up to a one year reduction in sentence for non-violent offenders who successfully complete the program. 18 U.S.C. § 3621(e); Lopez v. Davis, 531 U.S. 230, 233 (2001).

After Petersburg's Treatment Coordinator determined Savage was qualified to participate in RDAP, his case was reviewed by BOP's Designation and Sentence Computation Center ("DSCC") to determine whether Savage would be eligible for a discretionary sentence reduction on completing the Program. Relying on implementing regulations adopted by BOP, the legal staff at DSCC determined that Savage would not be eligible. Specifically, BOP's program statement, adopted pursuant to its regulatory authority, states that "an inmate who was convicted of manufacturing drugs (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving" a sentence reduction. (ECF No. 5-8 at 11). See also Lopez, 531 U.S. at 233-34. The legal office staff at DSCC reviewed both the PSR and the Statement of Reasons in Savage's case and concluded that the Court specifically adopted the SOC for possession of a firearm. As a result, BOP concluded that Savage was ineligible for any sentence reduction because his offense "involved the carrying, possession or use of a firearm" and "by its nature or conduct, presented a

serious potential risk of physical force against the person or property of another." (Declaration of W. Zurovec, ECF No. 5-9, ¶ 11; ECF No. 5-8), (quoting 28 C.F.R. § 550.55(b)(5)(ii) & (iii)).

Savage appealed the DSCC conclusion to the BOP, but his appeal was denied June 5, 2013. Thereafter, Savage appealed to the Regional Office and Central Office, both of which denied his request to earn a sentence reduction under § 3621(e). (ECF No. 1 at 2-3). As a result, and as the Government concedes, Savage has exhausted his administrative remedies.

In his habeas petition in this Court, Savage makes two arguments. First, he claims that the BOP's adoption of 28 C.F.R. § 550.55, relied upon to deny his participation in the sentence reduction incentive, violates the Administrative Procedures Act, 5 U.S.C. § 701 ("APA" or the "Act"). He claims the Regulation is contrary to the language and intent of 18 U.S.C. § 3621(e), the statute it purports to implement. Savage also asserts a general denial of due process in the BOP's administration of RDAP's sentence reduction incentive.

The Respondent filed a Rule 5 Answer and Motion to Dismiss arguing that judicial review of any individual decision to grant or deny admission into RDAP is not subject to review under the APA, and that the BOP's promulgation of 28 C.F.R. § 550.55 did not violate the Act. Respondent also contends that Savage enjoys no due process liberty interest in this discretionary program of early release. As a result, Respondent argues Savage is not being detained in violation of the constitution or laws of the United States and states no claim for habeas relief. This report analyzes Savage's APA argument as to both the individual decision denying his eligibility and the Bureau's enactment of the regulation and related program statement underlying its decision. It concludes that neither decision violates the terms of the APA. In addition, Savage's general claim that he was denied due process fails to plausibly allege facts which would state a claim for habeas relief.

## II. ANALYSIS

After considering Respondent's arguments and the claims set forth in the Petition, as well as the Reply, this Report concludes that Savage has not asserted a request for judicial review of the individual decision denying him admission to the Program. Nevertheless, to the extent such a claim can be read in his pleadings, it is expressly foreclosed by 18 U.S.C. § 3625. With regard to the claim Savage does assert, namely that the BOP's implementing regulation is "manifestly contrary" to Congressional intent, and thus violates the APA, the undersigned concludes that BOP's enactment of the challenged regulation was a valid exercise of its Congressionally-delegated discretion to implement RDAP in the Greenville Facility. Savage's more general claim to have been denied due process is contradicted by Supreme Court precedent that establishes no protected liberty interest arising from the BOP's admittedly discretionary program of early release. Because Savage alleges no other basis on which to conclude that he is being held in violation of federal law, his habeas claim should be dismissed.

### A. 18 U.S.C. § 3625 expressly precludes judicial review of individual decisions granting discretionary sentence reduction under § 3621(e).

Although Savage frames his challenge in the nature of a general attack on the enactment of regulations relied upon by the DSCC to deny him eligibility for discretionary release, to the extent they could be construed as a direct challenge to the individual decision made by BOP in his case, such matters are expressly precluded from judicial review by the language of 18 U.S.C. § 3625. The decision to admit an inmate to RDAP (and the resulting possibility of an earned sentence reduction) is reserved to the discretion of the BOP under the language of 18 U.S.C. § 3629(e)(2)(B). Congress specifically excluded these subsections from judicial review under the APA by the express terms of § 3625 which provides in relevant part "the provisions of § 554 and § 555 and §§ 701-706 of Title V, United States Code, [the APA] do not apply to the making of

4

any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. As a result, BOP's individual decision to deny Savage's admission into RDAP and access to the related discretionary sentence reduction is not reviewable by this Court under the Act. Davis v. Beeler, 966 F. Supp. 483, 489 (E.D. Ky. 1997); Whitaker v. Stansbury, No. 3:03cv662, 2009 WL 3762320, at *5, n.10 (E.D. Va. Nov. 9, 2009).

### B. The BOP's enactment of 28 C.F.R. § 550.55 was a valid exercise of its regulatory authority and not manifestly contrary to congressional intent.

Because Savage cannot challenge the individual decision which denied him eligibility, his primary argument is that the BOP's promulgation of 28 C.F.R. § 550.55 violates the APA and is "manifestly contrary" to the congressional purpose of § 3621(e) creating the RDAP. He claims the regulation conflicts with the express provisions of the statute which specifically allows early release to offenders "convicted of a nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). This argument has already been rejected by this Court, and after reviewing that analysis and the argument set forth in Savage's brief, the undersigned also concludes that BOP acted within its regulatory authority in promulgating the regulations which exclude Savage from RDAP's sentence reduction provisions. Whitaker, 2009 WL 3762320, at *6.

Agency rulemaking is subject to review under the APA, which requires courts to set aside rules that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(a). Even when vested with discretion, rulemaking agencies must still "examine the relevant data and articulate a satisfactory explanation for . . . action including a rational connection between the facts found and the choice made." F.C.C. v. Fox Television Stations, Inc., 566 U.S. 502, 513 (2009). See also Md. Dep't of Health & Mental Hygiene v. Centers for Medicare and Medicaid Servs., 542 F.3d 424, 428 (4th Cir. 2008) (describing the arbitrary and capricious analysis). But judicial review is narrow, and the Court must "not

5

substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983).

The regulation relied upon by the BOP to deny Savage access to the early release incentive is found in 28 C.F.R. § 550.55, reissued in 2009. As relevant to Savage's claim, the rule declares certain inmates ineligible for early release, including those who have a current felony conviction for "an offense that involves the carrying, possession, or use of a firearm or other dangerous weapon," as well as an offense that, "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." 28 C.F.R. § 550.55(b)(5)(ii)-(iii). He claims the rule is contrary to the statutory intent expressed in § 3621(e)(2)(B), which specified only those convicted of nonviolent offenses could be considered for early release. Because his offense of conviction would not bar him from participating, Savage claims the BOP regulation – expanding the group of offenders deemed ineligible, is invalid.

When reissued in 2009[2], the rule was accompanied by the following statement of purpose:

> There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." 531 U.S. 230, 240 (2001). The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

\* \* \*

---

[2] Although the new rule, and its public safety rationale were promulgated after the date of Savage's conviction, several courts have held that application of the rule does not violate retroactivity principles. Whitaker, 2009 WL 3762320, at *7; Hicks v. Fed. Bureau of Prisons, 603 F. Supp. 2d 835, 841-42 (D.S.C. 2009).

> Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

Whitaker, 2009 WL 3762320, at *4 (quoting 74 Fed. Reg. 1892-01, 1895, Jan. 14 2009).

This rule and its explanatory statement clearly satisfied the BOP's obligation to provide a "rational connection between the facts found and the choice made." See Lopez, 531 U.S. at 240. Public safety is clearly affected by the significant potential for violence resulting from armed offenders. As a result, neither promulgation of the rule, nor applying it to exclude Savage from the discretionary sentence reduction, violate the APA. Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43 (quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962)).

### C. Savage has not plausibly alleged a violation of due process.

Finally, Savage's general argument that the Bureau's action amounted to a "denial of due process of law" (ECF No. 1 at 6) is not sufficient to state a claim for habeas relief. To establish a violation of the due process clause, Savage must first identify a liberty or property interest protected by the Fifth Amendment. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999). Generally, once validly convicted and sentenced, a prisoner has no constitutionally-protected liberty interest in early discretionary release. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). See also Sandin v. Conner, 515 U.S. 472, 484 (1995). If a statute permitting early release places no "substantive limitations on official discretion" in granting release, it implicates no liberty interest. Olim v. Wakinekona, 461 U.S. 238, 249 (1983).

Here, § 3621(e) grants virtually unfettered discretion to the Bureau of Prisons. The statute provides that the BOP "may" reduce the sentence of prisoners "convicted of a nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). Thus, even if Savage were determined to be a nonviolent

7

offender, his access to sentence reduction under RDAP would still be left to the discretion of the Bureau. As a result, and as several courts have already held, denial of access to the program is insufficient to trigger a liberty interest subject to due process protection. See Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000); Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Fonner v. Thompson, 955 F. Supp. 638, 642 (N.D.W.Va. 1997). Because Savage has not articulated any other basis for his alleged due process violation, he has failed to state a claim for habeas relief on this ground.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and that Savage's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be DENIED and the case DISMISSED with prejudice.

### IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of

this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 26, 2014

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Scott E. Savage, #50804-083
Petersburg 1000
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Petersburg, VA 23804

Daniel Patrick Shean
U.S. Attorney's Office (Norfolk)
101 W. Main Street, Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

March 26, 2014